11 CIV 7826

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEITH CLINKSCALES,                                               Case No.

                *Plaintiff*,                                **VERIFIED COMPLAINT**

     – against –                                                  **JURY TRIAL DEMANDED**

JOAN LYNCH,

                *Defendant*.
----------------------------------------------------------------X

Plaintiff Keith Clinkscales, by his attorneys, Judd Burstein, P.C., complaining of Defendant Joan Lynch, alleges as follows:

## INTRODUCTION

1. This is a case in which an embittered, soon-to-be unemployed ESPN executive, has outrageously defamed an innocent supervisor out of spite and racial animus. In 2007, Plaintiff Keith Clinkscales ("Plaintiff") was promoted to the position of Senior Vice-President of Content Development and Enterprises at ESPN. Defendant Joan Lynch ("Defendant" or "Lynch"), who had joined ESPN prior to Plaintiff, believed that she should have been promoted to the position to which Plaintiff was appointed. Over the ensuing years, she told numerous co-workers and outside-ESPN vendors that Plaintiff was unqualified for his position and had only been hired for it because he was an African-American. Driven by this racial animus and sense of entitlement, Lynch was routinely insubordinate to Plaintiff. Worse still, she was at times incompetent.

2. In October of 2011, ESPN decided that it was going to disband its content development group in its entirety. Due to Plaintiff's superior performance, ESPN agreed to enter into a content partnership with his new production company, thereby continuing its close association with Plaintiff. In contrast, Lynch was informed that she would be discharged as of January 2012.

3. Outraged by what she irrationally believed was racial favoritism on the part of ESPN, and realizing that she had nothing to lose by acting on her animus towards Plaintiff, Lynch, on information and belief, commenced a smear campaign against Plaintiff, falsely claiming (a) that, in March of 2011, Plaintiff had masturbated while sitting next to ESPN reporter Erin Andrews on a commercial airline flight, (b) that Plaintiff had threatened Ms. Andrews with retaliation if she revealed the incident to Plaintiff's ESPN superiors, and (c) that Plaintiff engaged in a physical altercation with Lynch on December 31, 2007.

4. This action seeks redress for Lynch's disgraceful conduct.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(a)(2).

## PARTIES

7. Plaintiff Keith Clinkscales is a citizen of the State of New York.

8. Defendant Joan Lynch is a citizen of the State of California.

## PLAINTIFF'S CLAIM

9. In 2007, Plaintiff was promoted to the position of Senior Vice-President of Content Development and Enterprises of ESPN.

10. Defendant, who had joined ESPN prior to Plaintiff, believed that she should have been promoted to the position to which Plaintiff was appointed. From 2007 through 2010, Defendant worked under Plaintiff's supervision in ESPN's Manhattan offices. In early 2011, Defendant moved to California, but was still supervised by Plaintiff from Manhattan, and regularly traveled back to Manhattan for business meetings.

11. During the years that she was supervised by Plaintiff, Lynch told numerous co-workers and outside-ESPN vendors that Plaintiff was unqualified for his position and had only been hired for it because he was an African-American. Driven by this racial animus and sense of entitlement, Lynch was routinely insubordinate to Plaintiff.

12. On information and belief, in or about late October of 2011, Lynch spoke with A.J. Daulerio, the Editor in Chief of www.deadspin.com, on one or more occasions and made three intentionally false and defamatory claims about Plaintiff to Mr. Daulerio.

13. **First**, Lynch claimed that, in February of 2011, Plaintiff sat next to Erin Andrews, an ESPN reporter, on a commercial flight from New York to Los Angeles. According to Lynch, who was not present on the flight, Plaintiff supposedly masturbated while sitting next to Ms. Andrews. This is a lie. Although Plaintiff and Ms. Andrews did sit next to each other on the flight and had a pleasant conversation about business, the "masturbation claim" is a flat-out lie. Indeed, after the flight, Ms. Andrews sent Plaintiff an unsolicited email in March of 2011 that is entirely inconsistent with Lynch's story:

Hi Keith,

It's Erin Andrews..

I wanted to touch base with you after our flight to LA. Would love to get on the phone with you, at some point, and talk upcoming projects and ideas.

Let me know if anything works!

Thanks..

14. **Second**, Lynch falsely stated that Plaintiff threatened Andrews with retaliation if she revealed what transpired on the plane. This story of a threat makes no sense because Plaintiff was

3

not Ms. Andrews's superior. Moreover, the unsolicited email sent by Ms. Andrews is inconsistent with the false story about Plaintiff masturbating on the plane.

15.     **Third,** Lynch stated that Plaintiff physically assaulted her in a production trailer on December 31, 2007. This claim is also entirely false. In fact, all that happened was that Plaintiff verbally reprimanded Lynch for her incompetence with respect to the production of a highly dangerous daredevil stunt -- incompetence that created a real risk of a fatality on-air.

16.     Lynch made these statements about Plaintiff due to a personal, racially-motivated animus derived from the facts that (a) she believed that she should have been promoted to Plaintiff's position and that, solely because he was an African-American, Plaintiff had been promoted to the position notwithstanding that he was supposedly unqualified for it; and (b) Lynch has been discharged by ESPN effective as of January 2012, whereas Plaintiff will continue to maintain a close relationship with ESPN.

17.     Lynch's statements were made with knowledge of their falsity or in reckless disregard for the truth.

18.     Lynch's false statements have injured Plaintiff in his business and profession, and are therefore slanderous *per se*. Plaintiff has suffered damages in excess of $75,000.

19.     In addition, because Lynch's false statements were willful, wanton and malicious, punitive damages should be awarded.

4

**WHEREFORE**, Plaintiff demands Judgment as follows:

A. An award of compensatory damages as determined by the jury, but in no event less than $75,000;

B. An award of punitive damages as determined by the jury; and

C. An award of such other and further relief as deemed just and proper by the Court.

Dated: New York, New York
November 2, 2011

JUDD BURSTEIN, P.C.

By_____
Judd Burstein (JB-9585)
1790 Broadway, Suite 1501
New York, New York 10019
(212) 974-2400
(212) 974-2944 (Fax)
jburstein@burlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEITH CLINKSCALES,

                *Plaintiff*,                      Case No.

        – against –

JOAN LYNCH,

                *Defendant.*
-----------------------------------------------------------------X

## VERIFICATION OF PLAINTIFF KEITH CLINKSCALES

I am the Plaintiff in the above-captioned action. I have read the Verified Complaint, dated November 2, 2011, know the contents thereof and the same are true to my own knowledge, except as to those matters therein stated to be upon information and belief, which matters I believe to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of November, 2011, in New York, New York.

_____
KEITH CLINKSCALES